IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOEL P. RUARK and JACQUIE RUARK, <br><br> Plaintiffs, <br><br> v. <br><br> STARLIGHT HOMES GEORGIA, LLC, GDP HOLDINGS, LLC, HOLBROOK & WALKER, INC., MQ DEVELOPMENTS, LLC, and WATKINS EROSION CONTROL, INC., <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO.: 3:20-cv-97 (CAR) |

**CONSENT DECREE AND JUDGMENT**

WHEREAS, Plaintiffs Joel P. Ruark and Jacquie Ruark (collectively, "Plaintiffs") filed a citizen suit against Defendants Starlight Homes Georgia, L.L.C. ("Starlight"), GDP Holdings, LLC ("GDP"), Holbrook & Walker, Inc. ("Holbrook"), MQ Developments, LLC ("MQ"), and Watkins Erosion Control, Inc. ("Watkins") (collectively, "Defendants," and together with Plaintiffs, the "Parties")) on September 2, 2020 alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, against Starlight, Holbrook, MQ, and Watkins and state law claims against all Defendants related to alleged discharges of excess

stormwater and stormwater containing silt, sediment, gravel, construction waste, and other pollutants related to construction and land disturbance activities on land known as the Creekside development, owned and/or operated by Defendants in Monroe, Walton County, Georgia, (the "Site") through pipes, culverts, channels, alleged failed erosion control measures, and/or other point sources into waterbodies on Plaintiffs' property including Jack's Creek ("Creek"), a tributary of the Creek ("Stream"), springs, a pond, and wetlands adjacent to Jacks Creek without coverage under, or in violation of the terms and conditions of, an applicable National Pollutant Elimination System ("NPDES") permit or dredge and fill permit (the "Suit");

WHEREAS, in the Suit, Plaintiffs sought declaratory relief as well as an injunction ordering Defendants to cease alleged violations of the CWA, repair and/or remediate Plaintiffs' property, including the Creek and other waterbodies, pay civil penalties to the U.S. Treasury, and reimburse Plaintiffs for their attorneys' fees and expenses of litigation;

WHEREAS, Defendants deny Plaintiffs' claims and any liability for the alleged violations and damages contained in the Suit;

WHEREAS, the Suit has been stayed by consent since June 18, 2021 while the Parties engaged in mediation in a good faith attempt to reach a mutually agreeable resolution (the "Stay Period");

WHEREAS, during the Stay Period, the Parties agreed that all pending deadlines, including discovery, motions, and calculation of civil penalties would be stayed;

WHEREAS, the Parties agree that the Stay Period should be extended (including for calculation of any civil penalties) to allow the Parties sufficient time to finalize resolution of the Citizen Suit;

WHEREAS, Defendants have undertaken and implemented significant measures to address Plaintiffs' allegations and ensure that the Site is in compliance with the applicable NPDES permit, the erosion sedimentation and pollution control plan (the "ESPC Plan"), and the CWA;

WHEREAS, Defendants have implemented the following measures to address Plaintiffs' allegations and ensure that excessive water or sediment does not and will not migrate from the Site, including to Plaintiffs' property:

    a. Extensive inspections of the Site and downstream areas;

    b. Assessing the sufficiency of the ESPC Plan;

c. Assessment of potential increased water flow from Site;

d. Assessment of potential sedimentation;

e. Continuing stabilizing, maintenance and repair of BMPs, including repairing and installing over 7,000 feet of silt fencing as necessary, frequent sediment removal, and "demucking" around all BMPs.

f. Stabilizing all areas of the Site where grass had not grown through a combination of regrassing, resodding, matting, seeding, and/or fertilizing.

g. Removal and off-site disposal of sediment that accumulated in the two-acre retention pond.

h. Maintenance and cleaning of the pump in the retention pond;

i. Replacement of rock filtering at outfall from retention pond.

j. Removing silt fences and other BMPs as areas of the Site are stabilized.

k. Reviewing the design and function of the retention pond.

l. Continued NPDES monitoring.

m. Stabilizing soil with temporary seeding and straw and permanently installing mulch and seed over 55.91 acres.

    n. Adding additional stone rock filtering behind dam of detention pond.

    o. Repairing, stabilizing and maintaining all slopes within the development including detention pond and outfall using 47,238 square yards of temporary straw.

    p. Installing, cleaning and maintaining sediment traps throughout entire development.

    q. Stabilizing all disturbed areas including those where digging to install underground utilities has occurred, and

    r. Actively removing any accumulation of sediment on the streets and maintaining inlets.

WHEREAS, the Parties agree that (i) to the best of the Parties' knowledge, the measures identified above have been implemented effectively, which has been confirmed in good faith by Defendants' qualified consultants; (ii) the Parties further agree that the current and continued implementation of this agreement will satisfy all applicable requirements of the ESPC Plan and General NPDES Permit and resolve all claims under state law; and (iii) that Defendants owe no other obligations to Plaintiffs with respect to the alleged violations/claims raised in the Suit;

WHEREAS, the Parties agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action;

WHEREAS, the Parties, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiffs' claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them;

WHEREAS, the Parties have agreed to entry of this Consent Decree and Judgment to resolve this action and, by the authorized signature of their respective counsel below, do hereby expressly agree to the terms and conditions of settlement set forth in this Consent Decree and Judgment, pending and expressly conditioned upon approval of same by the Attorney General of the United States of America and the Administrator and Regional Administrator of the United States Environmental Protection Agency and upon entry of this consent Decree and Judgment by this Court; and

WHEREAS, the Parties have given notice of the proposed entry of this Consent Decree and Judgment to the Attorney General of the United States of America and the Administrator and Regional Administrator of the United States

Environmental Protection Agency more than 45 days prior to entry of this Consent Decree and Judgment, as required by 33 U.S.C. § 1365(c)(3).

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY DECREED, ORDERED, AND ADJUDGED as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. The undersigned representative for each party certifies that he/she is fully authorized by the party he/she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party and successors in interest to it.

3. The Consent Decree shall apply to, and be binding upon, the Parties, their successors, assigns, agents, representatives, and designees.

4. This Consent Decree shall apply to all of Defendants' construction related activities at the Site.

5. This Consent Decree constitutes a full and complete settlement and release of the claims alleged in the Suit in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, including but not limited to those that could be asserted under the Clean Water Act, 33 U.S.C. §§

1251-1387, arising from Defendants' ownership of and construction activities at the Site, and any state law claims.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any matter alleged in or arising out of the Complaint, or an admission or evidence of any wrongdoing or misconduct on the part of any of the Defendants.

7. Concurrently with the execution of this Consent Decree, Defendants will enter into a Confidential Settlement Agreement with Plaintiffs.

8. Plaintiffs agree that the terms of the Confidential Settlement Agreement constitute full and complete satisfaction of any claims Plaintiffs may have, including but not limited to those under the CWA, state law, and for fees and costs. Plaintiffs warrant that it will make no additional claim for expenses of litigation, including attorneys' fees, under the CWA or any other state or federal law in relation to the claims alleged in the Suit and all others covered by this Consent Decree, as described in paragraph 5 of this Consent Decree.

9. Within two (2) business days of Defendants' receipt of notice of approval of this Consent Decree and Judgment by the Court, Defendants, jointly or severally, shall pay to Plaintiffs the sums identified in the Confidential Settlement

Agreement attributable to attorneys' fees and costs of litigation under the CWA and their state law claims consistent with the directions for such payment in the Confidential Settlement Agreement.

10. Within thirty (30) days of Defendants' receipt of notice of approval of this Consent Decree and Judgment by the Court, Starlight, Holbrook, MQ, and Watkins, jointly or severally, shall pay to the U.S. Department of the Treasury or other federal entity designated to accept such funds the sum of $10,000. The Parties support this as an appropriate civil penalty considering the compliance and restoration measures agreed to and implemented by Defendants.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. §§ 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiffs shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

12.     Upon entry of this Consent Decree and Judgment, all claims that were, or could have been, asserted in this matter by Plaintiffs are hereby dismissed with prejudice.

13.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 11. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to resolve the dispute informally through meetings between the parties by serving written notice of dispute and request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

14.     This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate immediately following completion of all obligations under it.

15. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

16. If for any reason the Court should decline to approve this Consent Decree in the form presented, (i) this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party; and (ii) the parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. Notifications or copies required by this Consent Decree should be made to:

> Donald D.J. Stack
> 260 Peachtree Street, N.W., Suite 1200
> Atlanta, Georgia 30303
> dstack@stackenv.com
> *Attorney for Plaintiffs*
>
> Elizabeth B. Davis
> BURR & FORMAN LLP
> 171 Seventeenth Street, N.W., Suite 1100
> Atlanta, Georgia 30363
> bdavis@burr.com
> *Attorney for Starlight Homes Georgia, LLC and GDP Holdings, LLC*
>
> Janie Hagood
> Swift, Currie, McGhee & Hiers, LLP
> 1355 Peachtree St. NE, Suite 300
> Atlanta, GA 30309

janie.Hagood@swiftcurrie.com
*Attorney for Defendant Watkins Erosion Control, Inc.*

R. Matthew Reeves
Graham K Brantley
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097
mreeves@atclawfirm.com
graybrantley@atclawfirm.com
*Attorneys for Defendant MQ Developments, LLC*

Dylan E. Wilbanks
1215 South Elm Street
Commerce, Georgia 30529
dylan@wilbankslawfirm.com
*Attorney for Defendant Holbrook & Walker, Inc.*

18. This Consent Decree constitutes the entire agreement between Plaintiffs and Defendants in this case. All prior conversations, meetings, discussions, drafts and writings of any kind between Plaintiff and Defendants are specifically superseded by this Consent Decree.

19. Nothing in this Consent Decree shall be construed to make any other person or entity not executing this Consent Decree a third-party beneficiary to this Consent Decree.

20. This Consent Decree and Judgment shall be construed under the laws of the United States and the State of Georgia.

THE FOREGOING Consent Decree and Judgment among Plaintiffs and Defendants is hereby **APPROVED** this 16th day of November, 2021. The Court hereby orders and directs the Clerk to promptly enter and register this Consent Decree and judgment.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL, SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT

**PREPARED AND CONSENTED TO BY:**

<u>*/s/ Donald D. J. Stack*</u>
Donald D. J. Stack
Georgia Bar No. 673735
260 Peachtree Street, N.W.
Suite 1200
Atlanta, Georgia 30303
(404) 525-9205
(404) 522-0275 (Fax)
dstack@stackenv.com
*Attorney for Plaintiffs*
*Joel P. Ruark and*
*Jacquie Ruark*

<u>*/s/ Kwende B. Jones (w/ express permission by DDJS)*</u>
Elizabeth B. Davis
Georgia Bar No. 208260
Kwende B. Jones
Georgia Bar No. 041155
BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
(404) 817-3244 (Fax)
bdavis@burr.com
kbjones@burr.com
*Attorneys for Starlight Homes Georgia, LLC and GDP Holdings, LLC*

<u>*/s/ Dylan E. Wilbanks (w/ express permission by DDJS)*</u>
Dylan E. Wilbanks
Georgia Bar No. 631371
WILBANKS LAW FIRM, P.C.
1215 South Elm Street
Commerce, Georgia 30529
(706) 510-0000
(706) 243-6464 (Fax)
dylan@wilbankslawfirm.com
*Attorney for Defendant*
*Holbrook & Walker, Inc.*

<u>*/s/ Graham K. Brantley (w/ express permission by DDJS)*</u>
R. Matthew Reeves
Georgia Bar No. 598808
Graham K. Brantley
Georgia Bar No. 942600
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, Georgia 30097
(770) 822-0900
(770) 822-9680 (Fax)
mreeves@atclawfirm.com
gbrantley@atclawfirm.com
*Attorneys for Defendant*
*MQ Developments, LLC*

***/s/ Janie Hagood (w/ express permission by DDJS)***
Janie Hagood
Georgia Bar No. 616570
SWIFT, CURRIE, MCGHEE & HIERS,
LLP
1335 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3231
(404) 874-8800
(404) 888-6199 (Fax)
janie.hagood@swiftcurrie.com
*Attorney for Defendant Watkins Erosion Control, Inc.*